```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WILLIAM J. WILLIAMS and
LYNNE WILLIAMS,
                                                    MEMORANDUM AND ORDER
                    Plaintiffs,                     Case No. CV-08-3910 (FB) (RLM)

        -against-

BLACK & DECKER (U.S.),

                    Defendant.
----------------------------------------------------------------x
```

*Appearances*

| | |
|---|---|
| *For the Plaintiffs:* | *For the Defendant*: |
| GEORGE NORMAN STATFELD, ESQ. | ROBERT A. CALINOFF, ESQ. |
| George N. Statfeld, P.C. | Calinoff & Katz, LLP |
| 3 West 35th Street | 245 Fifth Avenue |
| New York, NY 10001 | 10th Floor |
| | New York, NY 10016 |

**BLOCK, Senior District Judge:**

Discovery in this matter was "to be completed by June 15, 2009." Docket Entry No. 17 (Minute Entry). On the consent of the parties, however, Magistrate Judge Roanne L. Mann extended "[t]he deadlines for serving expert disclosure[s] ... for two months" on October 1, 2009. Docket Entry No. 34 (Endorsed Order). Plaintiffs subsequently sought a subpoena to depose non-party and non-expert Kenny Marx, the former employee of defendant who allegedly sold plaintiffs the table saw bolt at issue in this litigation.

On November 12, 2009, Magistrate Judge Mann denied plaintiffs' application, stating that "fact discovery (which ha[d] not been extended) closed on [June 15, 2009]." Docket Entry No. 35 (Endorsed Order). On November 25, plaintiffs renewed their request, asserting that "discovery [had been] extended." Docket Entry No. 36 (Letter). The Magistrate Judge again denied plaintiffs'

1

request because "[f]act discovery ended on 6/15/09 and has not been extended; only expert disclosure was extended. The discovery sought is fact discovery." Docket Entry No. 37 (Endorsed Order).

Pursuant to Fed. R. Civ. P. 72, plaintiffs timely filed written objections to the Magistrate Judge's decision. Where, as here, a party has timely filed objections to a magistrate judge's order regarding a nondispositive matter, "[t]he district judge . . . shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "Thus, under the Federal Rules of Civil Procedure, magistrate judges are afforded considerable discretion when issuing orders on nondispositive matters and district courts are limited in their ability to set aside such orders." *State Farm Mut. Auto. Ins. Co. v. CPT Medical Services, P.C.*, 375 F. Supp. 2d 141, 155 (E.D.N.Y. 2005).

Plaintiffs support their application by stating that "Mr. Marx in a sense may be an expert," Statfeld Affirmation ¶ 5, and that "[i]t would be unfair and senseless to subpoena [Marx] for trial if in fact he does not know anything about the case." *Id.* ¶ 6. These arguments provide no basis to disturb Judge Mann's decision; indeed, they do not even suggest that it was incorrect, let alone clearly so or contrary to the law.

The Magistrate Judge's decision is affirmed.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 2, 2010