UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
**WILLIAM J. WILLIAMS, et al.,**

                      **Plaintiffs,**

        -against-

**BLACK & DECKER ( U.S.) INC., et al.,**

                      **Defendants.**
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**08-CV-3910 (FB)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

In accordance with Judge Block's Referral Order of November 1, 2010, this Court addresses the pending issues concerning the payment to and deposition schedule for John Orlowski, whom plaintiff designated as its expert witness after the death of Ernest Niles, plaintiff's original expert.

As an initial matter, plaintiff's counsel does not dispute that he and defense counsel earlier agreed that each side would pay all expenses relating to that side's own expert, including deposition costs. See Letter to Judge Block from George N. Statford (Oct. 28, 2010) ("10/28/10 Pl. Letter") at 1, ECF Docket Entry ("DE") #61. The defense has nevertheless volunteered to pay half of Mr. Orlowski's costs. See Letter to Judge Block from Robert A. Calinoff (Oct. 28, 2010), DE #60. Plaintiff has rejected this reasonable offer, arguing that "according to the Federal Rules and Customs [sic] the defendant should pay for the added deposition caused by Mr. Niles's untimely death." 10/28/10 Pl. Letter at 1. However, since the parties freely agreed to a different arrangement, no reason appears why Mr. Niles'

"untimely death" should shift the cost back to the defense.[1] Nor should the defense be content to rely on the deposition testimony given by the late Mr. Niles, particularly in light of the new theory of liability that Mr. Orlowski has interjected into the case. See Letter to the Court from Robert A. Calinoff (Oct. 25, 2010) at 2, DE #55.

Having chosen to retain a new expert, plaintiff is obligated to produce that expert for deposition. Pursuant to the parties' prior agreement, plaintiff should be responsible for the additional costs. Defendant's offer to split those costs is entirely reasonable and is hereby approved.

Mr. Orlowski's deposition is scheduled for November 4, 2010. In a letter filed yesterday, plaintiff, citing the fact that Mr. Orlowski "does not wish to come [to New York from the Boston area] until he is paid," requests "an extension of his deposition for approximately one month." Letter to Judge Block from George N. Statfeld (Nov. 1, 2010), DE #62. However, plaintiff's counsel previously offered to "front[] the money" in the event he did not receive a check prior to the November 4th deposition. See Letter dated Oct. 22, 2010, from George N. Statfeld to Robert A. Calinoff, DE #58-1. This case has languished long enough. The parties were previously given a generous four-week extension, until November 10, 2010, to complete the new expert's deposition. See Order (Sept. 13, 2010) at 1-2, DE #54. The Court declines to grant a further extension. Therefore, unless both sides agree to reschedule the deposition to another date within that narrow window of time, the November 4th deposition will go forward as scheduled.

---

[1] It goes without saying that the defense is not alleged to have contributed to Mr. Niles' demise.

Counsel are reminded that any renewed request for a premotion conference before Judge Block must be filed by November 17, 2010.  <u>See</u> Order (Sept. 13, 2010) at 2, DE #54.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**November 2, 2010**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**