UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILLIAM J. WILLIAMS and LYNNE
WILLIAMS,

                Plaintiffs,                    **MEMORANDUM AND ORDER**

    -against-                                     Case No. 08-CV-3910 (FB)

BLACK & DECKER (U.S.) INC.,

                Defendant.
------------------------------------------------------------x

*Appearances:*
*For Plaintiffs:*                                   *For the Defendant*:
GEORGE N. STATFELD, ESQ.            ROBERT A. CALINOFF, ESQ.
3 West 35th Street                                Calinoff & Katz LLP
New York, NY 10001                         245 Fifth Avenue, 10th Floor
                                                        New York, NY 10016

**BLOCK, Senior District Judge:**

        Following a jury verdict in favor of defendant Black & Decker (U.S.) Inc. ("Black & Decker"), plaintiffs William and Lynn Williams filed this motion for a new trial. They contend that the verdict was against the weight of the evidence and law. Plaintiffs' arguments are without merit; accordingly, their motion for a new trial is denied.

**I.**

        William J. Williams ("Williams") owned a saw manufactured by Black & Decker that came with a 15mm blade bolt. When he sought to purchase a new bolt in June 2008, he was instructed to bring the saw to an outlet store. Back in 2001, Black & Decker had voluntarily recalled the 15mm bolt after a series of accidents in which the blade bolt became loose, ejected from the saw, and caused the rotating blade to fly off. Consequently, Williams was given a 20mm blade bolt at the store. On July 1, 2008, he attempted to install the new bolt

1

but was unable to seat it completely due to some debris in the bolt hole. He altered the saw by adding a foreign washer, though he did not use the pivot plate that comes with a guard. He turned on the saw and was injured when the blade flew off.

At trial, plaintiffs argued: (1) that Black & Decker acted negligently when the employee failed to warn Williams about known risks associated with the recall of the 15mm blade bolt; (2) that the 20mm blade bolt was defectively designed because the threads were not fine enough, given the debris, to counter the saw's vibrations; and (3) that Black & Decker provided inadequate warnings about the dangers of turning the power on without the safety guard in place. Black & Decker argued that Williams's own negligence—in allowing debris to enter the hole, failing to heed warnings, and failing to replace the guard—caused the accident. The jury found in favor of defendant on all counts.

## II.

Plaintiffs now move to set aside the verdict and for a new trial based on the insufficiency of the evidence. The Court construes this motion as made pursuant to Federal Rule of Civil Procedure 59(a).[1] *See Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417 (2d Cir. 2012) ("A court may grant a new trial 'for any reason for which a new trial has heretofore been granted in an action at law in federal court,' Fed. R. Civ. P. 59(a)(1)(A), including if the verdict is against the weight of the evidence."). "The district court ordinarily should not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result or that the

---

[1] A party may file a Rule 50(b) motion for judgment as a matter of law only if the party filed a Rule 50(a)(2) motion before the case was submitted to the jury. *See* Fed. R. Civ. P. 50; *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008). Plaintiffs did not do so, rendering Rule 59(a) the only proper basis for their post-trial motion.

verdict is a miscarriage of justice." *Smith v. Lightning Bolt Prods.*, 861 F.2d 363, 370 (2d Cir. 1988). "[T]rial judges must exercise their ability to weigh credibility with caution and great restraint, as a judge should rarely disturb a jury's evaluation of a witness's credibility and may not freely substitute his or her assessment of the credibility of witnesses for that of the jury . . . ." *Raedle*, 670 F.3d at 418 (internal quotation marks and citation omitted).

Relying on testimony from Stephen Vick, John Orlowski, and Richard Otterbein, plaintiffs argue that the evidence demonstrates that debris obstructed the insertion of the 20mm bolt and that this debris came from the manufacturing process for the 15mm bolt.

Orlowski, plaintiffs' expert, testified at trial that the 20mm bolt could not be fully inserted because the manufacturer failed to clean out the hole after tapping it.[2] Plaintiffs also introduced a replacement parts diagram into evidence that included a grease gun as part of the manufacturing process; however, defendant maintained that the document was not a Black & Decker publication and came from an external website. John Gashinski, a metallurgist retained by defendant, testified that the debris consisted of grease with tiny metal particles, and Vick, a senior safety assurance manager employed by defendant, testified that grease was not used to manufacture the bolt or hole.[3] Even Orlowski conceded that he was not familiar with defendant's tapping process and could not place grease in the manufacturing process for the bolt or hole. Though plaintiffs rely on testimony from Otterbein, one of defendant's experts, that the accident might not have happened with the

---

[2]Tapping is the process of forming the internal threads on a screw or hole.

[3]Although plaintiffs rely on Vick's testimony that the debris was transferred into the hole by the original bolt, this statement is inconclusive as to when and how the debris entered.

15mm blade bolt, they do not explain how this supports a verdict in their favor. To the contrary, Otterbein testified that the debris did not come from the manufacturing process. Thus, substantial evidence conflicts with plaintiffs' theory that the debris originated from the manufacturing process.[4]

Moreover, plaintiffs erroneously contend that defendant had the burden of proving that the debris originated from Williams's use of the saw and not from the manufacturing process. Plaintiffs attempted to prove that defendant was responsible under a negligence theory (i.e., the employee failed to warn of known risks associated with the recall and failed to discover the debris) or a defective design theory (i.e., the threads on the bolt were not fine enough to withstand the vibrations caused by the debris). Thus, plaintiffs bore the burden as part of their *prima facie* case. *See Gilks v. Olay Co.*, 30 F. Supp. 2d 438, 443 (S.D.N.Y. 1998) (recognizing that "a plaintiff asserting a products liability claim," whether pled in strict products liability or in negligence, "must prove that defendant's product was both defective and the proximate cause of her injuries"). The jury indicated on its special verdict form that defendant was not negligent in failing to warn Williams of known dangers related to the 15mm blade bolt and that the 20mm blade bolt was not defectively designed. Consequently, the jury never reached the issue of comparative negligence, where defendant would have had the burden of proving that Williams contributed to his own injuries.

---

[4]Additionally, plaintiffs briefly cite to the video of the exemplar test but fail to explain how it weighs in their favor. Plaintiffs also argue that Williams was not told about the recall or the obstruction coming from the 15mm bolt, but testimony from Vick and Otterbein indicated that the recall was not related to any debris. Further, although plaintiffs imply that Vick testified that his company was aware of the debris, his testimony states the opposite.

4

Plaintiff has failed to establish that the verdict in defendant's favor was seriously erroneous or a miscarriage of justice. The Court therefore defers to the jury's interpretation of the evidence presented at trial and declines to disturb the jury's verdict.

## III.

Because the Court finds that the jury's verdict was not against the weight of the evidence, plaintiffs' motion for a new trial is denied.

**SO ORDERED.**

                                        _/s/ Frederic Block_
                                        FREDERIC BLOCK
                                        Senior United States District Judge

Brooklyn, New York
July 24, 2013